**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ATTILIO FIORDIROSA, individually and on behalf of all others similarly situated,<br><br>　　　　　　　　Plaintiff,<br><br>　　v.<br><br>PUBLISHERS CLEARING HOUSE, INC.,<br><br>　　　　　　　　Defendant. | Case No.  21-cv-6682<br><br>**CLASS ACTION COMPLAINT**<br><br>(JURY TRIAL DEMANDED) |

　　　　Plaintiff Attilio Fiordirosa, individually and on behalf of all others similarly situated, by and through his attorneys, makes the following allegations pursuant to the investigation of his counsel and based upon information and belief, except as to allegations specifically pertaining to himself and his counsel, which are based on personal knowledge.

## INTRODUCTION

　　　　1.　　Unsatisfied with traditional marketing and sales revenue alone, Defendant Publishers Clearing House, Inc. ("PCH") sold, rented, and continues to sell and rent, mailing lists containing Plaintiff's and all of its other customers' names and addresses (as well as gender, and information pertaining to their purchase of products from PCH (hereinafter, "Personal Identifying Transactional Data")) on the open market to data miners, data aggregators, data appenders, data cooperatives, list brokers, aggressive marketing companies, and various other parties interested in purchasing them.  Prior to monetizing Plaintiff's and its other customers' Personal Identifying Transaction Data in this way, PCH did not ask for, much less obtain, consent from any of these individuals.

　　　　2.　　Documented evidence confirms these facts.  For example, PCH, either directly or through one or more intermediaries acting on its behalf and at its direction (including through NextMark and/or one or more "list manager" and/or "list broker"), and during the time periods relevant to this action, sold and rented to various parties the mailing list titled "Publishers Clearing House Merchandise Buyers Mailing List," which contains the names, addresses, and other

Personal Identifying Transactional Data of all individuals who purchased products from PCH (including the types of products purchased), including Plaintiff and each member of the Class, at a base price of "$100.00/M [per thousand]" (*i.e.*, 10.0 cents apiece), as shown in pertinent part in the screenshot below from list broker NextMark, Inc.'s website:



See **Exhibit A** hereto.

        3.      Illinois's Right of Publicity Act clearly prohibits what PCH has done. *See* 765 ILL. COMP. STAT. 1075, *et seq.* (the "IRPA"). Generally speaking, the IRPA prohibits using a person's name or likeness on or in connection with a product, good, piece of merchandise, or a service without the person's prior consent. PCH directly violated the IRPA by selling and renting, on the open market to any member of the public interested in purchasing, mailing lists that contained Plaintiff's and all of its other Illinois customers' names, addresses, and other Personal Identifying Transactional Data.

4. PCH's practices of monetizing its customers' names and likenesses for commercial purposes without their consent is not only unlawful, but also dangerous because it allows any member of the public willing to purchase or rent this data to target particular customers, including vulnerable members of society, using their identities, interests and other demographic data. For example, anyone could buy or rent a list that contains the names, addresses, and other Personal Identifying Transactional Data of all women in Illinois who purchased over $20 worth of children's books from PCH in the past three months. Such a list is available for sale or rental on the open market for approximately $140.00 per thousand customers listed.

5. So, while PCH profits handsomely from the use of its customers' names, likenesses, and other personal identifying attributes in this way, it does so at the expense of its Illinois customers' statutory rights of publicity. Accordingly, Plaintiff brings this Class Action Complaint against PCH for its plainly unlawful use of its customers' names and likenesses in reckless disregard of their statutorily protected rights under the IRPA.

## PARTIES

6. Plaintiff is, and at all times relevant to this action has been, a living, natural person and a domiciled resident and citizen of Illinois. During the time period relevant to this action, Plaintiff purchased products from PCH while residing in, being a citizen of, and being physically present in, Illinois.

7. Defendant Publishers Clearing House, Inc. is a New York corporation that maintains its headquarters and principal place of business in Jericho, New York. PCH is a direct marketing company that markets merchandise and magazine subscriptions with sweepstakes and prize-based games.

## JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction over this civil action pursuant to 28 U.S.C. §1332(d) because there are more than 100 class members and the aggregate amount in controversy exceeds $5,000,000, exclusive of interest, fees, and costs, and at least one Class member is a citizen of a state different from PCH.

9. The Court has personal jurisdiction over PCH because PCH maintains its corporate headquarters and principal place of business in Jericho, New York.

10. Venue is proper in this District pursuant to 28 U.S.C. §1391 because PCH is subject to personal jurisdiction in this judicial District, because PCH resides in this judicial District, and because a substantial part of the events giving rise to Plaintiff's claims took place within this judicial District.

## THE IRPA

11. The IRPA prohibits any person from, *inter alia*, publicly using or holding out an individual's identity, such as their name, likeness, or other identifying attribute, on or in connection with the sale or offering for sale of a product, good, or service. *See* 765 ILL. COMP. STAT. 1075/5, 30(a). Specifically, Section 30 of the IRPA states, in pertinent part:

> A person may not use an individual's identity for commercial purposes during the individual's lifetime without having obtained previous written consent from the appropriate person or persons specified in Section 20 of this Act or their authorized representative.

765 ILL. COMP. STAT. 1075/30(a) (emphasis added).

12. The IRPA defines "identity" as "an attribute of an individual that serves to identify the individual to an ordinary, reasonable viewer, or listeners including but not limited to (i) name, (ii) signature, (iii) photograph, (iv) image, (v) likeness, or (vi) voice." *See* 765 ILL. COMP. STAT. 1075/5.

13. The IRPA provides for, *inter alia*, statutory damages of $1,000.00 per violation of the statute and punitive damages for willful violations of the statute. *See* 765 ILL. COMP. STAT. 1075/40.

## PCH DIRECTLY VIOLATES THE IRPA

14. PCH maintains a vast digital database comprised of its customers' information, including their names, addresses, likenesses, and various other forms of personal identifying information, including highly sensitive Personal Identifying Transactional Data.

4

15. PCH, either directly or through one or more intermediaries acting on its behalf and at its direction (including through NextMark and/or one or more "list manager" and/or "list broker"), sold and rented during the relevant time period, and continues to sell and rent to this day, lists on which all of its customers' names, addresses, and other Personal Identifying Transactional Data appear. PCH has sold and rented (and continues to sell and rent) these lists on the open market to data miners, aggregators, appenders, cooperatives, and aggressive marketing companies, among others willing to pay for them.

16. As a result of PCH's data compiling and sales practices, any member of the public can purchase or rent customer mailing lists from PCH on which Plaintiff's and the other Class members' names, addresses, and other Personal Identifying Transactional Data appear. PCH's practices of selling and renting these mailing lists puts consumers, especially the more vulnerable members of society, at risk of serious harm from scammers.

17. PCH does not seek its customers' prior consent (written or otherwise) to any of these practices, and its customers remain unaware that their names, addresses, and other Personal Identifying Transactional Data (as well as various other categories of sensitive personal identifying information) are used by PCH on or in connection with the mailing lists that the company has sold and rented (and continues to sell and rent) on the open market to any member of the public interested in purchasing them.

18. PCH uniformly fails to obtain consent from – or even provide effective notice to – its customers before engaging in the practices described herein.

19. By and through these actions, PCH has used Plaintiff's and all of its other customers' names and likenesses, which have commercial value, on or in, or in connection with products, merchandise, goods, or services, or the sale or rental of such things, in direct violation of the IRPA.

## CLASS ACTION ALLEGATIONS

20. Plaintiff repeats and realleges each and every allegation contained above as if fully set forth herein.

21. Plaintiff seeks to represent a class comprised of and defined as follows:

> All Illinois residents who, at any point in the relevant statutory period, had their names appear on or in a mailing list sold, rented or offered for sale or rental, by PCH (the "Class").

22. Members of the Class are so numerous that their individual joinder herein is impracticable. On information and belief, the members of the Class number in the hundreds of thousands. The precise number of Class members and their identities are unknown to Plaintiff at this time but may be determined through discovery. Class members may be notified of the pendency of this action by mail and/or publication through the records of PCH.

23. Common questions of law and fact exist as to all members of the Class and predominate over questions affecting only individual Class members. Legal and factual questions common to the Class include, but are not limited to: (a) whether PCH used Plaintiff's and the Class members' "identities" for a "commercial purpose" by offering to sell or rent to the community at large and/or selling or renting to anyone willing to pay, mailing lists identifying by name each person who purchased products from PCH; (b) whether PCH obtained written consent from Plaintiff and the Class members before selling, renting and/or offering for sale or rent, mailing lists identifying them by name, to anyone willing to pay, as individuals who purchased products from PCH; and (c) whether PCH's practices of selling, renting and/or offering for sale or rent mailing lists identifying them by name, to anyone willing to pay, as individuals who purchased products from PCH violated the IRPA.

24. The claims of Plaintiff are typical of the claims of the other members of the Class in that Plaintiff and the members of the Class were injured and sustained damages by PCH's uniform wrongful conduct, based upon PCH's practices of using Plaintiff's and Class members' names, likenesses, and other personal identifying attributes on or in connection with the mailing lists it sold and rented (and its sales and rentals of such lists) to third parties on the open market.

25. Plaintiff is an adequate representative of the Class because none of Plaintiff's interests conflict with the interests of the other members of the Class that he seeks to represent, he has retained competent counsel experienced in prosecuting class actions, and he intends to

6

prosecute this action vigorously. The interests of the members of the Class will be fairly and adequately protected by Plaintiff and his counsel.

26. The class mechanism is superior to other available means for the fair and efficient adjudication of the claims of Class members. Each individual Class member may lack the resources to undergo the burden and expense of individual prosecution of the complex and extensive litigation necessary to establish PCH's liability. Individualized litigation increases the delay and expense to all parties and multiplies the burden on the judicial system presented by the complex legal and factual issues of this case. Individualized litigation also presents a potential for inconsistent or contradictory judgments. In contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court on the issue of PCH's liability. Class treatment of the liability issues will ensure that all claims and claimants are before this Court for consistent adjudication of such issues.

## CLAIM FOR RELIEF

**Violation of Illinois' Right of Publicity Act, 765 ILL. COMP. STAT. 1075, *et seq.*
(By Plaintiff Individually and on Behalf of the Class)**

27. Plaintiff repeats and incorporates herein the allegations in paragraphs 1-26 above.

28. Plaintiff brings this claim individually and on behalf of members of the Class against PCH.

29. Plaintiff is a "living . . . natural person" and thus an "individual" within the meaning of the IRPA. *See* 765 ILL. COMP. STAT. 1075/5.

30. PCH is a corporation and thus a juristic "person" within the meaning of the IRPA. *See* 765 ILL. COMP. STAT. 1075/5.

31. Plaintiff, an Illinois resident, purchased products from PCH. Each member of the Class likewise resides in Illinois and purchased products from PCH.

32. Prior to and at the time Plaintiff purchased products from PCH, PCH did not notify Plaintiff that it would publicly use his identity for commercial purposes by selling, renting, or

7

offering to sell or rent his name, address, and other Personal Identifying Transactional Data on the open market to any member of the public interested in purchasing this data, and Plaintiff has never consented (in writing or otherwise) to PCH doing so. PCH likewise failed to notify any of the other Class members that it would use their identities for commercial purposes by selling or offering to sell their names, addresses, and other Personal Identifying Transactional Data on the open market to the public at large, and none of the members of the Class has consented (in writing or otherwise) to PCH doing so.

33. After Plaintiff purchased products from PCH, and during the relevant statutory period, PCH, either directly or through one or more intermediaries acting on its behalf and at its direction (including through NextMark and/or one or more "list manager" and/or "list broker"), offered for sale (or rent) to the community at large mailing lists containing Plaintiff's name, address, and other Personal Identifying Transactional Data (which identified him as an individual who had purchased products from PCH), and sold and rented those lists on the open market to data aggregators, data appenders, data cooperatives, and various other persons willing to purchase them, without first obtaining Plaintiff's written consent or even giving him prior notice of its public use and holding out of his identity in this way. Likewise, during the statutory period relevant to this action, PCH offered for sale (or rent) and sold (or rented) on the open market, to any member of the public interested in purchasing, mailing lists identifying the names, addresses, and other Personal Identifying Transactional Data of all of the other individuals who had purchased products from PCH, including each member of the Class, without providing prior notice to or obtaining written consent from any of these individuals.

34. The name "Attilio Fiordirosa," one of the identifying attributes PCH publicly used, is "the actual name . . . by which [Plaintiff] is known that is intended to identify [him]," on the mailing lists that PCH sold, rented, or offered for sale or rent on the open market to anyone willing to pay for them. Accordingly, PCH used Plaintiff's "identity" within the meaning of the IRPA. *See* 765 ILL. COMP. STAT. 1075/5.

35. PCH's offers to sell or rents mailing lists on which Plaintiff's and the other Class members' identities appeared to the community at large, and its sale (or rental) of those lists to any member of the public willing to pay for them, caused Plaintiff's and the Class members' names and additional identifying attributes to be made accessible to, and shared with, the community at large, and to be exposed to general view by PCH or by one or more intermediaries acting on its behalf and at its direction. PCH's making accessible and sharing of Plaintiff's and the Class members' identities (identifying them as individuals who had purchased products from PCH) with the community at large, including any member of the general public willing to purchase them, constituted "public use or holding out" within the meaning of IRPA. *See* 765 ILL. COMP. STAT. 1075/5.

36. The mailing lists that PCH sold, rented and/or offered to sell or rent constituted "products," "merchandise," or "goods" within the meaning of the IRPA.

37. Thus, PCH's sales and offers to sell mailing lists on which Plaintiff's and the other Class members' names, addresses, and other Personal Identifying Transactional Data appeared, on the open market to any member of the public willing to pay for them, constituted "the public use or holding out of [these] individual[s'] identit[ies] . . . on . . . a product, merchandise, [or] goods[.]" *See* 765 ILL. COMP. STAT. 1075/5.. Accordingly, PCH, either directly or through one or more intermediaries acting on its behalf and at its direction (including through NextMark and/or one or more "list manager" and/or "list broker"), used Plaintiff's and the Class members' identities "for commercial purposes" within the meaning of the IRPA. *See* 765 ILL. COMP. STAT. 1075/5.

38. Additionally, Plaintiff's purchase of products from PCH, and the Class members' purchase of products from PCH, each concerned a "product," piece of "merchandise," or a "good[]" within the meaning of the IRPA. *See* 765 ILL. COMP. STAT. 1075/5.

39. Thus, PCH's sales, rentals and/or offers to sell or rent mailing lists on which Plaintiff's and the other Class members' names appeared constituted "the public use or holding out of [these] individual[s'] identit[ies] . . . in connection with the offering for sale or sale of a product, merchandise, [or] good . . ." *See* 765 ILL. COMP. STAT. 1075/5. Specifically, because the

9

mailing lists identified by name individuals who had previously purchased products from PCH, PCH's use of Plaintiff's and the other Class members' identities on the mailing lists it sold, rented and/or offered to sell or rent to the community at large was done in connection with the prior sales of products, goods, merchandise, or services to Plaintiff and the other members of the Class. Accordingly, PCH, either directly or through one or more intermediaries acting on its behalf and at its direction (including through NextMark and/or one or more "list manager" and/or "list broker"), also used Plaintiff's and the Class members' identities "for commercial purposes" within the meaning of the IRPA in this way. *See id.*

40. By selling and offering to sell mailing lists on which Plaintiff's and the other Class members' names, addresses, and other Personal Identifying Transactional Data appeared to the community at large, to any member of the public willing to pay for them, without first asking for much less obtaining Plaintiff's or the other Class members' prior written consent, PCH, either directly or through one or more intermediary acting on its behalf and at its direction (including through NextMark and/or one or more "list manager" and/or "list broker"), used Plaintiff's and the other Class members' identities for commercial purposes during their lifetimes in violation of Section 30(a) of the IRPA. *See* 765 ILL. COMP. STAT. 1075/30(a).

41. As a result of PCH's nonconsensual public use and holding out of their identities for commercial purposes, Plaintiff and the members of the Class have suffered violations of their rights of publicity. On behalf of himself and the Class, Plaintiff seeks: (1) an injunction requiring PCH to obtain written consent from Illinois customers prior to the use of their identities for commercial purposes pursuant to 765 ILL. COMP. STAT. 1075/50; (2) $1,000.00 in statutory liquidated damages to himself and each Class member pursuant to 765 ILL. COMP. STAT. 1075/40(a)(2); and (3) costs and reasonable attorneys' fees pursuant to 765 ILL. COMP. STAT. 1075/55.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, seeks a judgment against Defendant Publishers Clearing House, Inc. as follows:

A. For an order certifying the Class under Rule 23 of the Federal Rules of Civil Procedure and naming Plaintiff as representative of the Class and Plaintiff's attorneys as Class Counsel to represent the Class;

B. For a declaration that PCH's conduct described herein violates the IRPA;

C. For an order finding in favor of Plaintiff and the Class on all counts asserted herein;

D. For an injunction requiring PCH to obtain prior written consent from Plaintiff and the Class members prior to using their identities for commercial purposes pursuant to 765 ILL. COMP. STAT. 1075/50;

E. For an award of $1,000 to Plaintiff and each Class member, as provided by the 765 ILL. COMP. STAT. 1075/40(a)(2);

F. For an order awarding counsel for the Plaintiff and the Class their reasonable attorneys' fees and expenses and costs of suit pursuant to 765 ILL. COMP. STAT. 1075/55; and

G. For prejudgment interest on all amounts awarded.

## JURY DEMAND

Plaintiff, on behalf of himself and the members of the Class, demands a trial by jury on all causes of action and issues so triable.

Dated: December 1, 2021

                                           **SCOTT+SCOTT ATTORNEYS AT LAW LLP**

                                           s/ Thomas L. Laughlin, IV
Thomas L. Laughlin, IV
tlaughlin@scott-scott.com
Jonathan M. Zimmerman*
jzimmerman@scott-scott.com
The Helmsley Building
230 Park Avenue, 17th Floor
New York, NY 10169
Telephone: (212) 223-6444
Facsimile: (212) 223-6334

Frank S. Hedin*
fhedin@hedinhall.com
Arun G. Ravindran
aravindran@hedinhall.com
**HEDIN HALL LLP**
1395 Brickell Avenue, Suite 1140
Miami, Florida 33131
Telephone: (305) 357-2107
Facsimile:  (305) 200-8801

* *Pro Hac Vice* Application Forthcoming

*Counsel for Plaintiff and the Putative Class*