# BakerHostetler

Baker&Hostetler LLP

45 Rockefeller Plaza
New York, NY 10111

T 212.589.4200
F 212.589.4201
www.bakerlaw.com

January 7, 2022

Robyn M. Feldstein
direct dial: 212.589.4278
rfeldstein@bakerlaw.com

**VIA ECF**

Honorable Pamela K. Chen
United States District Judge
Eastern District of New York
225 Cadman Plaza East
New York, New York 11201

Re:   *Fiordirosa v. Publishers Clearing House, Inc.*, Case No. 2:21-cv-06682-PKC-JMW

Dear Judge Chen:

We write on behalf of Defendant Publishers Clearing House, LLC[1], ("PCH" or "Defendant") in response to your December 27, 2021 Order requesting the parties' positions regarding consolidation of the five substantially similar complaints filed in the Eastern District of New York.[2] [Dkt. 9]. PCH writes in support of the consolidation of the Related Cases for pre-trial purposes.

The five cases at issue all stem from the identical allegation found in all five complaints that PCH "sold, rented, and continues to sell and rent, mailing lists containing Plaintiff's and all of its other customers' names and addresses . . . ." (Compl. ¶ 1). All five complaints allege that the alleged sale or rental of mailing lists constitutes a violation of state right of publicity laws. The only differences between the complaints concern differences between the state laws, many of which have overlapping issues.

Under Fed. R. Civ. P. 42(a), "[i]f actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." The

---

[1] The Complaint incorrectly references the Defendant as Publishers Clearing House, Inc.
[2] The four similar complaints were filed in the following actions: *Green v. Publishers Clearing House, Inc.*, Case No. 2:21-cv-6683 (Donnelly, J.); *Kenter v. Publishers Clearing House, Inc.*, Case No. 2:21-cv-6684 (Seybert, J.); *Palmer v. Publishers Clearing House, Inc.,* Case No. 2:21-cv-6686 (Chen, J.); and *Tanenbaum v. Publishers Clearing House, Inc.*, Case No. 2:21-cv-6687 (Komitee, J.) (the "Related Cases").

Honorable Pamela K. Chen
January 7, 2022
Page 2

rule was made for cases like these where consolidation would save both the Court's and the parties' time and resources. *See Porter v. Touldon, Jr.*, 2021 WL 6065745, at *2 (E.D.N.Y. Dec. 21, 2021) (Seybert, J.); *see also Devlin v. Transp. Commc'n Int'l Union*, 175 F.3d 121, 130 (2d Cir. 1999) (citation omitted) ("Consolidation of cases with common questions of law or fact is favored 'to avoid unnecessary costs or delay,'" and "expedite trial and eliminate unnecessary repetition and confusion."). Furthermore, "[co]nsiderations of judicial economy strongly favor simultaneous resolution of all claims growing out of one event." *Bank of Montreal v. Eagle Assocs.*, 117 F.R.D. 530, 532 (S.D.N.Y. 1987) (quoting *Ikerd v. Lapworth*, 435 F.2d 197, 204 (7th Cir. 1970)).

Here, consolidation furthers judicial economy by avoiding the unnecessary duplication of efforts by this Court and the parties in resolving this dispute. Because the Related Cases arise out of the same alleged action of PCH, involve PCH as the sole defendant, and include essentially identical allegations (with the exception of the plaintiff's individual names and the state or territory law which they allege has been violated), consolidation averts the need to file five overlapping responses to the complaints and avoids further burdening the Court's docket. When confronted with similar situations, courts have consolidated the related actions. *See Garnett-Bishop v. New York Community Bancorp, Inc.*, 299 F.R.D. 1, 5-6 (E.D.N.Y. 2014) (Splatt, J.) (consolidating cases where each of the five actions raised almost identical claims against nearly identical defendants, involved the same set of facts, and addressed almost identical questions of law because, given the overlap and similarities between each of the five cases, consolidation would "economize both judicial resources and the resources of the parties."). In this case, consolidation would promote efficiency and avoid prejudicing PCH and its witnesses from repeatedly responding to duplicative discovery regarding the same claims arising from the same alleged practice. Consolidation also allows the Court to efficiently adjudicate the dispute without the risk of inconsistent rulings. Furthermore, all five plaintiffs are represented by the same counsel and BakerHostetler represents PCH in the five actions, so there will be no time lost in coordinating with various counsel.

Both justice and equity fall in favor of consolidation because it would save time and expense while ensuring that the parties are not subject to conflicting orders. By consolidating the Related Cases, no plaintiff is barred from pursuing his or her individual claims. Instead, Plaintiffs can benefit from sharing the costs of discovery, responding to motions, and participating in conferences with opposing counsel and the Court.

In light of the above, Defendant respectfully requests Your Honor enter an order consolidating the above-mentioned cases, consistent with *Devlin*. 175 F.3d at 130.

Sincerely,

*/s/ Robyn M. Feldstein*
Robyn M. Feldstein

cc: Honorable James M. Wicks, U.S.M.J. (*via ECF*)
    Counsel of Record (*via ECF*)

4874-0746-8808.1

Honorable Pamela K. Chen
January 7, 2022
Page 3

4874-0746-8808.1
Page 3