UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
ATTILIO FIORDIROSA, THOMAS GREEN, IVAN
KENTER, BECKY PALMER, and RUTH TANENBAUM,
individually and on behalf of all others similarly situated,

                       Plaintiffs,

                                                     **MEMORANDUM DECISION**
                                                     **AND ORDER**
               -against-                      21-CV-6682 (PKC) (JMW)

PUBLISHERS CLEARING HOUSE, INC.,

                       Defendant.
-------------------------------------------------------------------X

**A P P E A R A N C E S:**

Thomas L. Laughlin
**Scott+Scott Attorneys at Law, LLP**
The Helmsley Building
230 Park Avenue, 17th Floor
New York, NY 10169
*For Plaintiff Attilio Fiordirosa*

Cassie D. Collignon
Paul Karlsgodt
Robyn Mara Feldstein
**Baker & Hostetler LLP**
1801 California Street, Suite 4400
Denver, CO 80202
*For Defendant Publishers Clearing House, Inc.*

**WICKS,** Magistrate Judge:

       Before the Court is Defendant Publishers Clearing House, Inc.'s ("PCH") motion to stay discovery pending a decision on its pending motion to dismiss the Consolidated Amended Class Action Complaint.[1] (DE 27.) Plaintiffs Attilio Fiordirosa, Thomas Green, Ivan Kenter, Becky

---

[1] This action is one of five consolidated actions, including: (1) *Fiordirosa v. Publishers Clearing House, Inc.* (21-cv-6682); (2) *Green v. Publishers Clearing House, Inc.* (21-cv-6683); (3) *Kenter v. Publishers Clearing House, Inc.* (21-cv-6684); (4) *Palmer v. Publishers Clearing House, Inc.*

1

Palmer, and Ruth Tenenbaum do not oppose the motion, and in fact, join Defendant's request for a stay. (*Id.*) Merely because both parties seek the stay, does not excuse the court of its obligation to undertake a review to determine whether a stay is warranted. And that is because a request to stay litigation is seemingly at odds with Rule 1's mandate that the Rules "be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." For the reasons set forth below, the Court concludes a stay is warranted and therefore Defendant's motion is GRANTED.

## I.   FACTUAL AND RELEVENT PROCEDURAL BACKGROUND

Plaintiffs filed their Consolidated Amended Class Action Complaint ("Amended Complaint") against PCH on March 4, 2022. (DE 20.) The Amended Complaint alleges violations of five publicity statutes of five states:

(1) Illinois, 765 ILCS 1075/30 (a) ("IRPA");

(2) California, Cal. Civ. Code §3344(a) ("CRPL");

(3) South Dakota, S.D. Codified Laws §21-64-2 ("SDRPL");

(4) Ohio, Rev. Code §2741.02(A)-(B) ("ORPL"); and

(5) Puerto Rico, P.R. Laws tit. 32, §3152 (2011) ("PRRPA").

Plaintiffs allege that PCH violated and continues to violate these statutes, by selling and renting, without consent, mailing lists containing the names, addresses, and other personal information, of Plaintiffs, and all of PCH's customers. (*Id.* ¶ 3-4.) On May 2, 2022, PCH filed a motion to dismiss the Amended Complaint under Fed. R. Civ. P. 12(b)(6), which Plaintiffs opposed. (DE 23-26.) On June 13, 2022, PCH filed a motion to stay discovery pending resolution of the motion to dismiss. (DE 27.) The motion is unopposed. (*Id.*)

---

(21-cv-6686); and (5) *Tanenbaum v. Publishers Clearing House, Inc.* (21-cv-6687) (the "Consolidated Actions").

## I. STANDARD

"'[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants.'" *Thomas v. N.Y. City Dep't of Educ.*, No. 09-CV-5167, 2010 WL 3709923, at *2 (E.D.N.Y. Sept. 14, 2010) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). The filing of a dispositive motion in and of itself does not halt discovery obligations. That is, a stay of discovery is not warranted, without more, by the mere pendency of a dispositive motion. *Weitzner v. Sciton, Inc.*, No.CV 2005-2533, 2006 WL 3827422, at *1(E.D.N.Y. Dec. 27, 2006). Rather, the moving party must make a showing of "good cause" to warrant a stay of discovery. *Chesney v. Valley Stream Union Free Sch. Dist. No. 24*, 236 F.R.D. 113, 115 (E.D.N.Y. 2006). In evaluating whether a stay of discovery pending resolution of a motion to dismiss is appropriate, courts typically consider: "(1) whether the defendant has made a strong showing that the plaintiff's claim is unmeritorious; (2) the breadth of discovery and the burden of responding to it; and (3) the risk of unfair prejudice to the party opposing the stay." *Id.* (citation omitted). "Courts also may take into consideration the nature and complexity of the action, whether some or all of the defendants have joined in the request for a stay, and the posture or stage of the litigation." *Id.* (citation omitted).

## II. DISCUSSION

**A. Whether PCH Has Made a Strong Showing That Plaintiff's Claims Are Unmeritorious** [2]

---

[2] The Court's consideration and analysis of the arguments set forth in the motion to dismiss is purely for purposes of weighing whether a stay should be granted in light of Fed. R. Civ. P. 1. – the Court is not prejudging the motion to dismiss.

PCH's motion to dismiss is based on two grounds: (1) Plaintiffs have failed to state a claim under any state right-of-publicity statute; and (2) Plaintiffs have failed to state a claim under the CRPL. (DE 24.)

### i. Whether Plaintiffs State a Claim Under Any Right-of-Publicity Statute

While each of the publicity statutes from Illinois, California, South Dakota, Ohio, and Puerto Rico has its own own nuances, the crux of each statute is to prohibit the nonconsensual use of a person's identity and the like for commercial purposes. *See* 765 ILCS 1075; Cal. Civ. Code §3344; S.D. Codified Laws §21-64-1; Ohio Rev. Code §2741; P.R. Laws tit. 32, §3151; *see* DE 24 at 4-5.[3] Courts have long held that "commercial purpose" is limited to situations where (1) a person's identity is publicly associated with a product, and (2) the publicly associated product is different than the identity itself. *See Huston v. Hearst Commc'ns, Inc.*, No. 21-cv-1196, 2022 WL 385176, at *3 (C.D. Ill. Feb. 7, 2022) (holding that the sale of mailing lists containing Plaintiffs' names and likeness did not violate the IRPA because Plaintiffs' identities were the product); *Brooks v. Thomson Reuters Corp.*, No. 21-CV-01418-EMC, 2021 WL 3621837, at *4-5 (N.D. Cal. Aug. 16, 2021) (dismissing Plaintiffs' CRPL claim because Plaintiff did not allege that Defendant used Plaintiffs' identities to advertise any products apart from Plaintiffs' identities itself); *Rivera v. Kress Stores*, P.R., Inc., No. 20-1350, 2020 WL 4209301, at *3-4 (D.P.R. July 22, 2020) (holding that Defendant violated the PRRPA because Defendant used Plaintiff's photographs on various products, posters, and banners, to promote Defendant's products); *Bosley v. Wildwett.com*, 310 F. Supp. 2d 914, 922-23 (N.D. Ohio 2004) (holding that Defendant violated the ORPL by

---

[3] "Commercial purpose," or sometimes called "commercial activity," is defined by four of the five statutes: IRPA, SDRPL, ORPL, and PRRPA. *See* 765 Ill. Comp. Stat. Ann. 1075/5; S.D. Codified Laws § 21-64-1(1); Ohio Rev. Code Ann. § 2741.01(B); P.R. Laws tit. 32, § 3151(h). The fifth statute, CRPL, does not offer an express definition, but rather lists the prohibited uses directly in the provision itself. *See* Cal. Civ. Code § 3344.

4

using pictures of Plaintiff, a regional celebrity, on the cover of videos and on Defendant's website, as a means of advertising Defendant's products and services).

PCH argues in its motion to dismiss that in order to state a viable right-of-publicity claim, a plaintiff must allege (1) her identity was publicly associated with a product, and (2) the product with which her identity was publicly associated was different than her identity itself. (DE 24 at 4-11; DE 25 at 2.) PCH asserts that Plaintiffs do not allege that their name, image, or likeness was publicly available or that PCH used Plaintiffs' name, image, or likeness in connection with, or for the advertising or sale of, any other product. Rather, Plaintiffs' information was the product. (DE 24 at 4-11.) Indeed, Plaintiffs' Amended Complaint acknowledges that purchasers of PCH's mailing list were unaware of Plaintiffs' identities prior to the sale. (DE 20 ¶ 5.) Further, Plaintiffs' have not alleged that their identities were used in any of PCH's products other than the mailing list, which is not a separable product from Plaintiffs' identities. *See Huston*, 2022 WL 385176, at *3; *Brooks*, 2021 WL 3621837, at *4-5. Thus, PCH has made a strong showing that Plaintiffs' case is unmeritorious.

## ii. Whether Plaintiffs State a Claim under the CRPL

Plaintiff Green is the only Plaintiff who asserts a claim under the CRPL. (DE 20 at ¶¶ 63-78.) To state a claim under the CRPL, a plaintiff must allege, *inter alia*, (1) the defendant's use of the plaintiff's identity; (2) the appropriation of plaintiff's name or likeness to defendant's advantage, commercially or otherwise; (3) lack of consent; and (4) resulting injury. *Fraley v. Facebook, Inc.*, 830 F. Supp. 2d 785, 803 (N.D. Cal. 2011). PCH argues that Green has failed to plead a resulting injury, precluding a claim under the CRPL. (DE 24 at 11.) Plaintiffs argues that so long as Green has satisfied the first three elements listed above, under California case law, the fourth "injury" related element is presumed satisfied. (DE 26 at 14-15.) Nonetheless, Plaintiffs assert that Green

has alleged sufficient facts to establish injury insofar as he has alleged that he never consented to PCH using his name or likeness, significant commercial value exists in his name and likeness, and PCH reaped significant profits through the sale of its mailing lists. (*Id.* at 14.)

"Resulting injury is the *sine qua non* of a cause of action for misappropriation of name." *Cohen v. Facebook, Inc.*, 798 F. Supp. 2d 1090, 1097 (N.D. Cal. 2011) (quoting *Slivinsky v. Watkins–Johnson Co.*, 221 Cal.App.3d 799, 807 (1990)). PCH points out that Green must plead that PCH caused him cognizable harm, and often that means he, a non-celebrity, "must, at a minimum, plead that [he] suffered mental anguish as a result of the alleged misappropriation, and a plausible supporting factual basis for any such assertion." *See Cohen v. Facebook, Inc.*, 798 F. Supp. 2d 1090, 1097 (N.D. Cal. 2011). (*See* DE 24 at 11-13.) Here, Green has conclusory alleged that "significant commercial value exists" in the names and likenesses that PCH used and continues to use and that he and the members of the California Class "have been injured." (DE 20 at ¶¶ 73, 77.) Therefore, PCH has made a strong showing that Green's claim under CRPL is unmeritorious.

B. **Breadth of Discovery and Burden of Responding to it**

The breadth of discovery and the burden of responding to it would be extremely burdensome for PCH because the Amended Complaint involves five different publicity statutes, from five plaintiffs who each reside in a different state or territory. (DE 20.) PCH claims, and Plaintiffs do not disagree, that preparing and responding to written discovery and accompanying document production would be extremely time consuming and costly. (DE 27, at 2.) In the event a stay is not issued, PCH would be burdened with expending time and resources to effectuate discovery concerning all five Plaintiffs when there is a possibility that some, if not all Plaintiffs' claims, will be dismissed. (*Id.*) Indeed, a ruling on the motion to dismiss could greatly limit the

6

facts at issue or dismiss the Amended Complaint entirely. This weighs in favor of issuing a stay of discovery. *See Separ v. Cnty. of Nassau*, 2021 WL 2474263, at *4 (E.D.N.Y. June 17, 2021) (issuing a stay of discovery pending resolution of a motion to dismiss where Defendants had made a showing that their motion may be meritorious and the "breadth of discovery has the potential to be wide-ranging."); *see also Nat'l Rifle Ass'n of Am. v. Cuomo*, 2020 WL 7338588, at *5 (N.D.N.Y. Dec. 14, 2020) (issuing a stay where there "vast amount of discovery requested and pending and the fact that the additional efforts and funds that will need to be poured into additional discovery will be largely for naught if the pending motions to dismiss are granted.")

### C. Risk of Unfair Prejudice

There is little, if any, risk of unfair prejudice to Plaintiffs. Indeed, Plaintiffs do not claim or identify any prejudice but rather join in on PCH's sentiments about the burden of proceeding with discovery here. (DE 27.) A stay would likewise eliminate Plaintiffs' potential waste of resources and time. Nonetheless, any prejudice to Plaintiffs would be short-lived in that once the Court rules on PCH's motion to dismiss, discovery will either move forward, or will no longer be necessary as the ruling on the motion may reduce, if not eliminate, Plaintiffs' claims.

### III. CONCLUSION

Based on the foregoing, PCH has made a sufficient showing that it may be successful on its motion to dismiss, that a stay would eliminate the potential waste of resources and time, and a stay of discovery would not pose a risk of prejudice to Plaintiffs. Under these circumstances, and considering Plaintiffs do not oppose the motion, good cause exists, warranting a stay of discovery. Therefore, PCH's motion to stay is GRANTED and discovery in this action is stayed pending a resolution on PCH's motion to dismiss.

Dated: Central Islip, New York
  August 31, 2022

**S O   O R D E R E D:**

/s/ *James M. Wicks*
    JAMES M. WICKS
 United States Magistrate Judge

8